IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| CAMILLE SMITH, | ) |
| | ) |
| Plaintiff, | )  2:20-CV-00483-CRE |
| | ) |
| vs. | ) |
| | ) |
| THE MON VALLEY INITIATIVE, | ) |
| | ) |
| Defendant, | ) |

**MEMORANDUM OPINION[1]**

Cynthia Reed Eddy, Chief United States Magistrate Judge.

This civil action involves Plaintiff Camille Smith, who was formerly employed by Defendant The Mon Valley Initiative ("MVI"). Plaintiff's complaint sets forth a claim for retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. *See* Compl. (ECF No. 1). This court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1331.

Presently before the court is MVI's motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6). For the reasons that follow, MVI's motion to dismiss is denied.

**I.      Factual and Procedural Background**

Plaintiff was hired by MVI on September 8, 2014, as an Employment Specialist. Compl. (ECF No. 1) at ¶ 8. Plaintiff was promoted first to Job Developer and then to Assistant Director.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. (ECF Nos. 12, 14).

1

*Id*. at ¶¶ 9-10.  Plaintiff's employment at MVI was terminated on May 18, 2018. *Id*. at ¶ 25.  At the time of her termination, Plaintiff's direct supervisor was Tracey Reaves. *Id*. at ¶ 12.

On October 9, 2017, Sherman Jones ("Jones") was hired by MVI as an Administrative Assistant, and he was later promoted to Financial and Employment Coach. *Id*. at ¶ 14.  Plaintiff and Jones became friendly while working together.  During this time, Plaintiff witnessed "multiple instances of inappropriate conduct on the part of [] Reaves towards [] Jones." *Id*. at ¶ 15.  Examples of this conduct included "[m]ultiple attempts by [] Reaves to hold [Jones'] hand," comments by Reaves that Jones' eyes were "dreamy" and "beautiful," and Reaves' "describing [Jones] as having a 'nice ass.'" *Id*.  In addition, Plaintiff witnessed an occasion where Reaves "posed the question 'what's the craziest place every has had sex[]'" while Plaintiff, Reaves, and Jones were on a car ride to Harrisburg. *Id*.

According to Plaintiff, Jones told her "that he was made very uncomfortable by [] Reaves['] behavior towards and around" Jones. *Id*. at ¶ 16.  "Plaintiff recommended to [] Jones that he speak directly to MVI's Chief Financial Officer, April Hoover." *Id*. at ¶ 17.  On April 27, 2018, Plaintiff had a meeting with Hoover and MVI's Chief Executive Officer, Laura Zinski.  "During the meeting, Plaintiff raised various concerns about [] Reaves' behavior, including her behavior towards [] Jones.  Specifically, Plaintiff stated that [] Reaves had been saying things which were 'inappropriate' and made [] Jones uncomfortable.  Plaintiff cited [] Reaves['] references to [] Jones['] eyes as an example." *Id*. at ¶ 19.  Nevertheless, according to Plaintiff, Reaves did not stop sexually harassing Jones after that meeting, and Jones "once again voiced his concerns to Plaintiff on May 8, 2018." *Id*. at ¶ 21.  Plaintiff again suggested that Jones speak to Hoover directly.

On May 16, 2018, Plaintiff was called to a meeting where she "was accused of 'undermining' the authority of [] Reaves." *Id*. at ¶ 24. "On May 18, 2018, Plaintiff was terminated for 'undermining authority.'" *Id*. at ¶ 25.

On February 4, 2019, Plaintiff filed a charge of discrimination with the EEOC. *Id*. at ¶ 4. After receiving a right-to-sue letter, Plaintiff filed the instant complaint on April 7, 2020. According to Plaintiff, MVI engaged in retaliation against her for her coming forward and reporting Jones' being subject to sexual harassment by Reaves. *Id*. at ¶ 33.

On June 8, 2020, MVI filed the instant motion to dismiss Plaintiff's complaint for failure to state a claim pursuant to Fed. Rule Civ. Pro. 12(b)(6) and brief in support thereof. (ECF Nos. 6, 7). On July 10, 2020, Plaintiff filed a response to MVI's motion. (ECF No. 14). As the present motion to dismiss has been fully briefed, it is now ripe for disposition. The court's analysis follows.

### II.     Standard of Review

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Generally, under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the

3

necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need to allege detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and be "sufficient to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. [] Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

### III. Discussion

"To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show that (1) [he or] she engaged in a protected activity under Title VII; (2) the employer took an adverse action against [him or] her; and (3) there was a causal connection between the employee's participation in the protected activity and the adverse employment action." *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 320 (3d Cir. 2008). However, "in order to survive a motion to dismiss," "for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016). "A *prima facie* case is an evidentiary standard, not a pleading requirement, and hence is not a proper measure of whether a complaint fails to state a claim." *Id.* at 789 (internal citation and quotation marks omitted). Thus, to survive a motion to dismiss in the context of a retaliation claim, Plaintiff must only plead "sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence" of the elements of a *prima facie* case of retaliation. *Id*.

In its motion to dismiss, MVI claims that "Plaintiff's Complaint fails to establish that she engaged in any behavior that would constitute protected activity under Title VII." MVI's Br. (ECF No. 7) at 5. It is MVI's position that even considering the facts set forth in the Complaint in the light most favorable to Plaintiff, Plaintiff did not communicate to Hoover and Zinski that Jones was being sexually harassed by Reaves. *Id*. at 6.

"An employee engages in protected activity by complaining to his or her employer about conduct that is prohibited by Title VII." *Ellingsworth v. Hartford Fire Ins. Co.*, 247 F. Supp. 3d 546, 555 (E.D. Pa. 2017). Those complaints "may consist of 'formal charges of discrimination as well as informal protests of discriminatory employment practices.'" *Kier v. F. Lackland & Sons, LLC*, 72 F. Supp. 3d 597, 616 (E.D. Pa. 2014) (quoting *Barber v. CSX Distrib. Servs.*, 68 F.3d 694,

702 (3d Cir. 1995) (internal quotations omitted)). "In order to constitute protected activity, however, a complaint 'must be specific enough to notify management of the particular type of discrimination at issue.'" *Id*.

In her Complaint, Plaintiff asserts that on April 27, 2018, she "raised various concerns about [] Reaves' behavior, including her behavior towards [] Jones. Specifically, Plaintiff stated that [] Reaves had been saying things which were 'inappropriate' and made [] Jones uncomfortable." Compl. (ECF No. 1) at ¶ 19. "Plaintiff cited [] Reaves['] references to [] Jones['] eyes as an example." *Id*. Plaintiff alleges that she believed that Zinski and Hoover "understood that [Plaintiff] was describing sexually inappropriate conduct." *Id*. at ¶ 20.

Plaintiff's report of "inappropriate" words and behavior by Reaves to Jones, when viewed in the light most favorable to Plaintiff, is adequate to survive a motion to dismiss. As discussed *supra*, Plaintiff's burden at this juncture is merely "to raise a reasonable expectation that discovery will reveal evidence of the necessary elements." *Phillips*, 515 F.3d at 234 (internal quotation marks omitted). Here, Plaintiff avers that she believes that what she told Hoover and Zinski was adequate to report allegations of sexual harassment. This is a reasonable inference that satisfies the plausibility standard required to survive a motion to dismiss.. *See Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Plaintiff should be permitted to conduct discovery regarding whether Hoover and Zinski understood Plaintiff's report in the same fashion. Accordingly, this court denies MVI's motion to dismiss.

### IV.    Conclusion

Having concluded that Plaintiff has set forth adequate facts to entitle her to conduct discovery on her claim, MVI's motion to dismiss is denied.

Dated: October 19, 2020.                                    BY THE COURT:

s/ Cynthia Reed Eddy

Chief United States Magistrate Judge

cc: Counsel of record

*via electronic filing*